UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VIMAL BHATT

                            Plaintiff,

      -against-                                          **ORDER**
                                                      18-CV-2063-DLI-SJB

LALIT PATEL PHYSICIAN P.C.,
LALIT PATEL, M.D.,

                            Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      Discovery in this case has gone on too long. Through fits and starts, the parties have finally reached the end of discovery in a case first filed in 2018. It should have been completed long ago. Too much time and money has been spent on unnecessary toil over what seem to be irrelevant matters. The currently pending motion to compel filed by Defendants is the latest example. Defendants once again seek to compel a non-party, Park Slope Diagnostic, Inc, formerly known as Karma Imaging Services, Inc. ("Karma"), to produce unredacted bank statements and 1099 documents on the theory that that they will demonstrate that Plaintiff was paid and employed by Karma (and thereby dispel or vitiate Plaintiff's wage and hour claims).

      These documents were originally sought in 2020. *See infra* n.2. The Court first denied a motion to compel a subpoena seeking these documents in November 2021. Discovery closed more than a year later, on November 18, 2022. Yet counsel waited until February 2023 to move to compel production. As a formal matter, the motion seeks to compel a document request served on November 18, 2022–the day the discovery deadline elapsed. And although the parties have sought discovery extensions for years, as the bloated docket demonstrates, no extension was sought by Defendants to

serve this document request. Because it could only have been responded to after the discovery cut-off, it was *per se* late, and unenforceable.[1] *In re Signet Jewelers Ltd. Sec. Litig.*, No. 16-CV-6728, 2019 WL 5558072, at *1 (S.D.N.Y. Oct. 24, 2019) (denying motion to compel compliance with subpoena served the day before the fact discovery deadline); *Joye v. Psch, Inc.*, No. 14-CV-3809, 2016 WL 3141659, at *4 n.2 (S.D.N.Y. June 3, 2016) ("[A] 'discovery deadline is the date on which discovery should be complete; it is not the last day on which a party can serve discovery requests.'" (quoting *Jones v. Hirschfeld*, No. 01-CV-7585, 2003 WL 21415323, at *4 n.13 (S.D.N.Y. June 19, 2003) and collecting cases)).

But even if Defendants are given the benefit of the doubt and their November 2022 document demand is deemed to "relate-back" to the subpoena first served in 2020, the motion is itself still too late. To wait over two months following the close of discovery to seek third-party documents is quite the opposite of timely compliance with deadlines. It is a basis to deny the motion. *Oliver v. Am. Express Co.*, No. 19-CV-566, 2022 WL 3366312, at *1 (E.D.N.Y. Aug. 12, 2022) ("[T]his was a post-discovery deadline motion. Under these circumstances, there is no good cause to permit a belated motion to compel and this provides an independent basis to deny the motion."), *objections overruled*, 2022 WL 18998430, at *7 (Nov. 14, 2022); *Matusick v. Erie Cnty. Water Auth.*, No. 07-CV-489A, 2010 WL 681062, at *2 (W.D.N.Y. Feb. 22, 2010) ("[I]t appears that the documents requested in the instant motion were known to the plaintiff prior to the discovery cutoff in this case. To the extent that the documents

---

[1] Because Karma is a third-party, it should have been served with a subpoena, and the Court "must quash" a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i).

2

were requested in the plaintiff's document demand, the plaintiff has not articulated any basis for not bringing a motion to compel in a timely fashion.").

Cognizant of the belated nature of the motion, Defendants argue that they and Karma were in discussions for over a year seeking to negotiate a resolution to the dispute. That is not a basis to excuse the late filing; counsel was obligated to seek an extension of time to accommodate resolution of ongoing discovery disputes, and not assume that the Court or opposing counsel will permit a late, post-discovery deadline filing. And even if ongoing negotiations were a permissible excuse, the last communication from Karma took place almost a month before the motion was filed (on January 18, 2023); the motion was still unquestionably delayed.

Quite separate and apart, is not at all obvious that the documents have any probative value. Defendants say the documents will show that Plaintiff was paid as an employee of Karma. For one thing, Plaintiff was deposed and could and should have been asked about her relationship to Karma and whether she was a paid employee, when she was allegedly an employee and how much she was allegedly paid. To be sure, an adverse party may wish to impeach a witness using documentary evidence to establish that the deposition testimony is, at a minimum, unreliable. Yet, Defendants have documentary evidence on this point; as they acknowledge in their motion, Plaintiff has produced her tax returns, which show the earnings from the third-parties including Karma. (Mot. to Compel dated Feb. 10, 2023 ("Mot. to Compel"), Dkt. No. 172, at 5).

Unless Defendants are contending that the tax returns are fraudulent and Plaintiff's deposition testimony is also unreliable—something they do not allege in their papers—then these additional documents establishing the amounts paid is merely redundant. The rules of civil procedure do not countenance such redundant

3

discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (permitting limitation of discovery that is unreasonably cumulative or duplicative); *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 152 (E.D.N.Y. 2008) ("[C]ourts may deny a redundant discovery request."); *see, e.g.*, *Ivor Wolfson Corp. SA v. Locke Liddell & Sapp LLP*, No. 99-CV-11471, 2001 WL 246384, at *5 (S.D.N.Y. Mar. 13, 2001) ("Defendants' request for discovery of the time sheets of Akin Gump, a non-party, is denied as redundant of discovery already obtained from party witnesses."). In any event, it is not at all clear why unredacted bank statements would demonstrate wages paid or hours worked. The deposition testimony excerpted in the motion already establishes that Plaintiff received money from Karma; indeed, as noted, her tax returns establish the same thing. Seeking all unredacted bank records is grossly overbroad and unnecessary in light of the facts already established.[2]

As for the 1099s in Karma's possession, this is where the animosity and lack of cooperation really goes too far. Counsel for Karma does not dispute that 1099s exist (or that they could be easily produced). The objection appears to be that the motion to compel is late and the wrong discovery vehicles were being used by Defendants to seek them (a document request rather than a subpoena). All fair points, but unworthy of resorting to motion practice over—for in her deposition, Plaintiff concedes the 1099s exist (and should have been turned over in the first instance in response to the original

---

[2] If this feels like déjà vu all over again, it should. In *2020*, the Court resolved the same issue. Defendants served Karma with a subpoena seeking all of the company's bank statements. Karma produced redacted statement indicating the withdrawals from Karma's bank account. As they do now, Defendants then argued "this is insufficient," and the Court found they were "not entitled to more." "The Court sees no reason why all bank deposits and checks of a nonparty employer are relevant to the hours of one of its employees." *Bhatt v. Lalit Patel Physician P.C.*, No. 18-CV-2063, 2020 WL 13048694, at *3 (E.D.N.Y. Oct. 19, 2020). Defendants do not acknowledge this prior denial, and despite the passage of time and completion of discovery, explain why the Court's observation of the lack of relevance is incorrect.

subpoena). A lawyer should not have to resort to motion practice for an adversary to obtain documents plainly discussed at a deposition, which was itself held during the discovery period, and which take little to no time to produce. There is no dispute about their relevance, burden, or whether they could and should have been produced earlier. (If they don't exist, that assists in demonstrating that the Plaintiff's recollection of payment via 1099 was incorrect).[3] Indeed, Plaintiff agreed to produce them at her deposition, stating "I will produce all the employees' records." (Mot. to Compel at 3).[4] Defendants' counsel could appropriately have relied on the party's statement, and Karma's counsel (who also represents Plaintiff) should have recognized that concession assented to production, and taken steps to honor it, not forced motion practice.

Unredacted 1099s issued by Karma (or Park Slope) to Plaintiff in 2015 should be produced by Karma by April 18, 2023. All other aspects of the motion to compel are denied.

SO ORDERED.

*/s/ Sanket J. Bulsara* April 11, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[3] Of course, there is the separate question why Plaintiff's production did not include the 1099 or if they were produced, why Defendant needs them from Karma. Much is left unexplained in the papers.

[4] To boot, at her deposition Plaintiff was not appearing for herself but also as a representative of Park Slope, Karma's successor. So her admission and agreement to produce documents was not only personal, but bound the corporate third-party.

5